WILLIAM L. GLORIEUX et al., appellants,

*v.*

ALONZO SCHWARTZ, respondent.

1. Judgment creditors cannot enjoin the sale of their debtors' property under void chattel mortgages in the absence of proof of levy of their executions on such property.

Glorieux v. Schwartz.

2. A receipt of the sheriff for the amount of the sales of the goods in dispute by him is insufficient evidence of a levy on such property.

3. Judgment creditors took bills of sale from the debtors of goods to secure the debtors against execution, and to secure to them the possession and use of such goods to enable them thereby to pay the judgments. The bills provided that, in case of default, the creditors might enforce the judgments by way of execution.—*Held*, that the creditors had no such right to the possession of the property as would enable them to enjoin the sale of the goods on void chattel mortgages given other creditors.

4. Bills of sale which provide that the grantors shall continue in actual possession and use of the goods are void as to other creditors.

On appeal from an order advised by Vice-Chancellor Bird, who delivered the following opinion :

This is a conflict between the complainants and the defendant as to the priority of right to certain goods and chattels named in the pleadings. The complainants claim by virtue of certain judgments and executions and sale thereunder, and the defendant by virtue of two chattel mortgages. One of these mortgages is dated and recorded long before the judgments were obtained and the other afterwards. The complainants also claim by virtue of two bills of sale, which were executed intermediate the execution of the chattel mortgages. It is said that an imperfection in the jurat, which was taken before a notary public out of the state, renders both chattel mortgages illegal as against the complainants. The jurat and signature on one and all other additions are in these words and figures, " Sworn and subscribed before me, at New York city, this 6th day of June, A. D. 1887, F. M. Haviland, notary public (201), city and county of New York (22 Park Place)." To which was affixed an impression usually called a seal, in these words, " Frederick M. Haviland, notary public, New York." And on the other in these words and figures, " Sworn and subscribed before me, at Carmel, N. Y., this 6th day of August, A. D. 1891, George E. Anderson, notary public." To which is affixed an impression usually called a seal, in these words, " George E. Anderson, notary public, Putnam county, N. Y." To this affidavit is affixed a certificate of the clerk of the county, that the said Anderson was a notary

Glorieux *v.* Schwartz.

public in and for said county and State of New York, and duly authorized &c.

The first inquiry necessarily is, have the complainants established such a lien upon the goods and chattels in question as will justify them in resisting the claim of the defendant upon his chattel mortgages, or either of them, on the ground of any defect in the proof or other statutory requirements? It is not sufficient to say that he obtained a judgment to acquire a lien upon personal property. It is essential that there should be an execution. *Rev. p. 392 § 18.* While it is alleged that there was execution and levies upon several judgments, there has been no proof whatever thereof. A paper was introduced in evidence purporting to be the receipt of the sheriff or undersheriff for the amount of the sales of the goods and chattels in question by him at the price of $1,600, but this is the only evidence, if it may be considered any evidence whatever, of any execution or any sales by any sheriff. Evidently no title could be passed in this manner, if nothing else appeared to support the claim thereto.

It seems to me that the claims under the bills of sale give no better support to the complainants. The best interpretation that I can give to them is that they were prepared and executed with the sole design of securing the defendant in the judgments against an immediate execution of those judgments, or, in other words, to secure the defendant in such judgments, in the possession and use of the goods and chattels in question, in the hope or expectation of their being able, by such use or possession, to pay off by installments the amount of said judgments. They cannot be read as absolute bills of sale in any event or for any other purpose than as a transfer to the complainant of the said goods and chattels, as collateral security, for the payment of said judgments, if anything like so much can be said in that behalf, for it was expressly provided therein that in case of default or in case of other execution creditors attempting to enforce their claims, or other similar contingencies, then the complainants might enforce their judgments by way of execution. It is true that the language of the agreement is that they assign, transfer and set over unto the complainants the said goods and chattels,

but, as above intimated, the only consideration or the real object was to give Haege and Butz the power, by use and possession of the goods, to pay and discharge the judgments, and of preserving as far as possible the rights of the complainants as judgment creditors to proceed under their judgments in case of default.

That this is the true interpretation of this paper, I think, would be determined if the complainants were to bring an action of trover or replevin against Haege and Butz. The application of this test would result in favor of the defendants, for, without taking other·steps, there is nothing to show that they are entitled to the immediate possession. They can only proceed under their judgments. Such test, however, would not show that the agreements were void as between the parties thereto when the real object of them should be considered in the light of the interpretation above given to them, .which is that they were entered into for the relief and benefit of the judgment debtors, and also in aid or support of the judgment creditors, and not that the judgment creditor should be permitted to take possession of the goods without reference to his judgment and execution, but then only in case of the default mentioned in the agreements.

As first above stated, it does not appear, by any legal or competent evidence, that any such executions were ever issued. Therefore, it will be seen that the complainants have no lien, and consequently no standing in this court.

It might also be well said that their claim under these bills of sale must give way to the claims of creditors, when considered in the light of the rules laid down in *Twyne's Case*. The complainants, who now claim to be the vendees under such bills of sale, not only did not take possession, but they expressly provided that the vendors, if they may be so styled, should continue in actual possession and use of the goods and chattels.

If I am right in these conclusions, it is not necessary for me to ·inquire as to the validity or sufficiency of the jurat and certification thereto by the notaries in New York. This question can only arise when the complainants have established a lien by execution or otherwise upon the goods in question.

Bailey v. Schnitzius.

I will advise that the injunction prayed for be denied, and that the bill be dismissed, with costs.

*Mr. Frederick T. Johnson* and *Mr. Samuel Kalisch*, for the appellants.

*Mr. Thomas J. Keigharn* and *Mr. James Fleming*, for the respondent.

Per Curiam.

Order affirmed, for the reasons given in the court of chancery.

*For affirmance*—The Chief-Justice, Dixon, Gummere, Lippincott, Magie, Reed, Van Syckel, Bogert, Brown, Sims—10.

*For reversal*—None.